# State of Vermont v. Sara A. Lockerby

[377 A.2d 1388]

No. 183-76

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 12, 1977

*Ronald F. Kilburn,* Franklin County State's Attorney, *David G. Miller,* Deputy State's Attorney, and *Mark J. Keller* (On the Brief), St. Albans, for Plaintiff.

*E. Michael McGinn,* St. Albans, for Defendant.

**Per Curiam.** Respondent was convicted, after trial by court, of operating her motor vehicle at a speed excessive for road conditions. The charge was in substantial compliance with 23 V.S.A. § 1081, prohibiting driving on a highway at a speed greater than is reasonable and prudent under the conditions, having regard for the actual and potential hazards then existing.

The speed limit on the road in question was 50 m.p.h. It was dry, blacktop, and straightaway. One isolated portion was in disrepair, with potholes and frost heaves. This disrepair was not marked by any signs or caution signals, the weather was clear and visibility good, and respondent was not shown to have any prior knowledge of the disrepair. She travelled 162 feet from the hazards, skidded 78 feet, then went off the road 99 feet further, turning over twice. After the accident, her car's torsion bar was found to be broken.

Based entirely upon the "expert" testimony of a state trooper, who conducted tests with his own dissimilar vehicle at the scene, the trial court concluded that respondent must have been exceeding the posted speed limit, and found her guilty as charged. We disagree, and enter judgment of acquittal.

Whatever the standing of the "expert" testimony to establish speed [See Annot., 29 A.L.R.3d 248 (1970)], this was not the offense charged. A perusal of the record indicates the trial court equated speeding with excessive speed for existing conditions, an erroneous assumption, evident from comparing design speeds of our interstate highways with the speeds presently posted on them. The highway here was paved, straight and dry; the existing hazards both unknown and unwarned. We need not examine whether a conviction for speeding could have been sustained upon the "expert" testimony alone, where the trooper, after eight years "experience", professed unfamiliarity with the stopping distances contained in the Vermont Drivers Manual, and gave an opinion greatly at variance with generally accepted braking distances as shown by skidmarks. Cf. Desk Book, Am.Jur.2d, 452-53 (1962). Even assuming such testimony sufficient to establish speeding beyond a reasonable doubt, it does not encompass the offense with which respondent was charged.

*Judgment reversed, and judgment of acquittal entered.*